**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**CIVIL ACTION NO.  5:19-cv-15-TBR**

SHANTILAL HARI and
ASOKKUMAR CHUDASAMA                                          PLAINTIFFS

v.

POONAM SINGH,
RAJIV SINGH,
PRAY INTERNATIONAL, L.L.C.,
27 HAUTE AVENUE BOUTIQUE,
CREATIVE EYE AMERICAN APPAREL, INC., and
CREATIVE EYE INTERNATIONAL, LLC                              DEFENDANTS

---

## COMPLAINT

---

Come now the Plaintiffs, Shantilal Hari and Asokkumar Chudasama, by counsel, and state as follows for their Complaint against the Defendants Poonam Singh, Rajiv Singh, Pray International, L.L.C., 27 Haute Avenue Boutique, Creative Eye American Apparel, Inc., and Creative Eye International, LLC.

### PARTIES

1.     Plaintiff Shantilal Hari ("Mr. Hari") currently is, and was at all times hereinafter mentioned, a resident of Tennessee, residing at 401 Harbor Way, Nashville, Tennessee 37214.

2.     Plaintiff Asokkumar Chudasama ("Mr. Chudasama") currently is, and was at all times hereinafter, a resident of Tennessee, residing at 1412 Brick Church Pike, Nashville, Tennessee 37207.

3.     According to the best information available to the Plaintiffs, Defendant Poonam Singh (a/k/a Pam Singh) ("Poonam") currently is, and was at all times hereinafter, a resident of Kentucky, residing at 230 Pinebrook Drive, Paducah, Kentucky 42001. The Summons and a copy

of this Complaint should be served on Poonam at the foregoing address.

4.      According to the best information available to the Plaintiffs, Defendant Rajiv Singh (a/k/a Raj Singh) ("Rajiv") currently is, and was at all times hereinafter, a resident of Kentucky, residing at 230 Pinebrook Drive, Paducah, Kentucky 42001. The Summons and a copy of this Complaint should be served on Rajiv at the foregoing address.

5.      According to the best information available to the Plaintiffs, Defendant Pray International, L.L.C. ("Pray International") currently is, and was at all times hereinafter, a limited liability company organized under the laws of the Commonwealth of Kentucky and having a principal office at 115 Main Street, Paducah, Kentucky 42003. Defendant Poonam Singh is the organizer and registered agent of Pray International, with a registered agent address that is the same as Pray International's principal office. The Summons and a copy of this Complaint should be served on Poonam Singh, as registered agent of Pray International, at the foregoing address.

6.      According to the best information available to the Plaintiffs, Defendant 27 Haute Avenue Boutique currently is, and was at all times hereinafter, an unincorporated business entity having a principal place of business at 2847 North Friendship Road, Paducah, Kentucky 42001. Upon information and belief, 27 Haute Avenue Boutique is a sole proprietorship owned and operated by Defendant Poonam Singh, or is a subsidiary of Defendant Pray International, or is an assumed name/"doing business as" of Pray International. The Summons and a copy of this Complaint should be served on Poonam Singh, as registered agent/owner of 27 Haute Avenue Boutique at the foregoing address.

7.      According to the best information available to the Plaintiffs, Defendant Creative Eye American Apparel, Inc. ("Creative American") currently is, and was at all times hereinafter, a corporation organized under the laws of the Commonwealth of Kentucky and having a principal

office at 115 Main Street, Paducah, Kentucky 42003. Defendant Rajiv Singh is the incorporator and registered agent of Creative Eye, with a registered agent address that is the same as Creative American's principal office. The Summons and a copy of this Complaint should be served on Rajiv Singh, as registered agent of Creative American, at the foregoing address.

8.     According to the best information available to the Plaintiffs, Defendant Creative Eye International, LLC ("Creative International") currently is, and was at all times hereinafter, a corporation organized under the laws of the Commonwealth of Kentucky and having a principal office at 192 Pecan Court, Paducah, Kentucky 42001. Defendant Rajiv Singh is the incorporator and registered agent of Creative International, with a registered agent address that is the same as Creative International's principal office. The Summons and a copy of this Complaint should be served on Rajiv Singh, as registered agent of Creative International, at the foregoing address.

## JURISDICTION AND VENUE

9.     The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, as one or more of the claims asserted herein arise under the laws of the United States, and by 18 U.S.C. § 1964.

10.     The Court also has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds the sum or value of $75,000 and is between citizens of different states.

11.     The Court has supplemental jurisdiction over the claims arising under the laws of the Commonwealth of Kentucky pursuant to 28 U.S.C. § 1367, as those claims are so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy.

12.     The United States District Court for the Western District of Kentucky is the proper

venue for this action pursuant to 28 U.S.C. § 1391, as the Defendants reside in this judicial district and a substantial part of the events or omissions giving rise to this claim occurred therein. Additionally, a substantial part of the property that is the subject of this action is located within this judicial district. Venue is also proper in this Court pursuant to 19 U.S.C. § 1965.

**GENERAL FACTS AND BACKGROUND**

13.     In the summer and fall of 2016, Defendants Poonam and Rajiv Singh, on multiple occasions and acting individually and/or in combination and/or through Pray International, Creative American, Creative International, and/or 27 Haute Avenue Boutique (collectively referred to hereinafter as "Defendants"), sought out, approached, solicited, and communicated with (both in person and through means of interstate transmission (*e.g.*, mail, cell phone calls, text messages, email, etc.)) Plaintiffs Shantilal Hari and Asokkumar Chudasama about Plaintiffs' potential interest in forming, entering into, and making monetary contributions to a business venture to be known as HFC Clothing, LLC ("HFC").

14.      The "HFC" in HFC Clothing, LLC stands for "Hello Friday Clothing,"

15.     According to Paragraph 1 of a "Share Purchase and Security Agreement" (a copy of the Agreement is attached hereto as Exhibit A) signed by Mr. Hari, Mr. Chudasama, Poonam, and Rajiv in December of 2016, HFC's alleged purpose was for the "[w]holesale sale and distribution online, to retailers, and through trade shows" and the opening of "one retail Flagship Brick and Mortar store of Hello Friday located at 4113 Hillsboro Pike, Nashville, TN 37215."

16.     According to Mr. Hari and Mr. Chudasama's understanding, the Defendants, acting either individually and/or in combination, solicited them to help start, be part of, and possess an ownership interest in a business venture whose purpose would be to develop, design, and establish a clothing brand. This brand's products would be sold to stores through wholesale distribution and

tradeshows and to the public through a retail location to be developed in Nashville.

17.     In the course of their communications occurring in the summer and fall of 2016, the Defendants, acting either individually and/or in combination, represented to Mr. Hari and Mr. Chudasama that they possessed a combination of skill, knowledge, experience, expertise, contacts, and other resources to launch HFC and grow/develop it into a successful going concern and clothing brand. In particular, the Defendants, acting either individually and/or in combination, indicated they would open and operate the Nashville retail location, develop and create a wholesale distribution network for HFC's products, and create a website and other online presence for HFC through which its products could be sold.

18.     The Defendants, acting either individually and/or in combination, proposed and represented to Mr. Hari and Mr. Chudasama that Poonam, Mr. Hari, and Mr. Chudasama be the shareholders/members in HFC, while Rajiv would be the CEO/Manager of the company. After completing three years as HFC's CEO/Manager, Rajiv would also because a shareholder/member. (*See* Exhibit A.)

19.     In order to launch HFC and grow/develop it into a successful business venture and clothing brand, the Defendants, acting either individually and/or in combination, represented to Mr. Hari and Mr. Chudasama that the purposes of the business venture could be promoted, accomplished, and furthered with and only so long as Mr. Hari and Mr. Chudasama made monetary contributions to HFC.

20.     Acting upon the statements and representations made by the Defendants, who were acting either individually and/or in combination, Mr. Hari and Mr. Chudasama agreed to participate in and make monetary contributions to HFC.

21.     Based on Mr. Hari and Mr. Chudasama's agreement to participate in and make

monetary contributions to HFC, the Defendants, acting either individually and/or in combination, instructed Mr. Hari and Mr. Chudasama to transfer their monetary contributions in HFC via wire transfer to a bank account located at Paducah Bank in Paducah, Kentucky in the name of Defendant Pray International.

22.     Upon information and belief, Defendant Pray International is owned in whole or in part by Poonam, Rajiv, and/or some combination of the Defendants.

23.     The Defendants, acting either individually and/or in combination, represented to Mr. Hari and Mr. Chudasama that their monetary contributions in HFC had to be transferred into the account for Pray International only temporarily and only so long as it took for a separate account to be opened for HFC.

24.     None of the Defendants, acting individually or in combination, have ever opened a bank account for HFC.

25.     On or about October 7, 2016, Mr. Chudasama, acting in reliance on the representations made by the Defendants, acting either individually and/or in combination, and at their direction made a wire transfer of $50,000.00 from outside of Kentucky into the account owned and maintained by Pray International.

26.     On or about November 18, 2016, Mr. Chudasama, acting in reliance on the representations made by the Defendants, acting either individually and/or in combination, and at their direction made a second wire transfer of $30,000.00 from outside of Kentucky into the account owned and maintained by Pray International.

27.     In total, Mr. Chudasama, acting in reliance on the representations by the Defendants, acting either individually and/or in combination, and at their direction made wire transfers totaling $80,000.00 into the account owned and maintained by Pray International.

28.     On or about December 29, 2016, Mr. Hari, acting in reliance on the representations by the Defendants, acting either individually and/or in combination, and at their direction made a wire transfer of $125,000.00 from outside of Kentucky into the account owned and maintained by Pray International. This represented Mr. Hari's total wire transfer to Pray International.

29.     None of the money wired to Pray International by Mr. Hari or Mr. Chudasama has ever been transferred to, placed in, or otherwise been made available to a bank account owned or maintained by HFC. Rather, the funds wired to Pray International by Mr. Hari and Mr. Chudasama have remained in and been used by the account of Pray International, which is owned in whole or in part by Poonam, Rajiv, and/or some combination of the Defendants.

30.     Neither Poonam nor Rajiv have complied with or completed the duties and obligations contemplated by the "Share Purchase and Security Agreement" for HFC, which was signed by the parties in December of 2016. By way of example only, neither Poonam nor Rajiv have attended annual meetings, made quarterly reports, nor provided proper notices or accounting as requested by Mr. Hari and Mr. Chudasama. Moreover, the "Flagship Brick and Mortar store" contemplated by the Agreement was only opened, if ever, for a brief period, and, upon information and belief, has not been open since October of 2017.

31.     Contrary to the "Share Purchase and Security Agreement," and without the knowledge, consent, or agreement of Mr. Hari or Mr. Chudasama, Poonam and Rajiv opened or attempted to open another physical location for HFC in McCracken County, Kentucky, with address of 2851 North Friendship Road, Paducah, Kentucky 42001 ("HFC's Paducah location").

32.     No information concerning HFC's Paducah location has ever been provided to or otherwise furnished to Mr. Hari or Mr. Chudasama.

33.     Upon information and belief, the Defendants, acting either individually and/or in

combination, own and operate another entity, Defendant 27 Haute Avenue Boutique. This entity is located as 2847 North Friendship Road, Paducah, Kentucky 42001, and is directly next to and has a shared internal entrance with HFC's Paducah location.

34.    Defendant 27 Haute Avenue Boutique is also a clothing brand and retail location. As a result, this Defendant is in direct competition with and aims to sell clothes, accessories, and other items to the wholesale and retail customers contemplated by the Defendants, acting either individually and/or in combination, when inducing Mr. Hari and Mr. Chudasama to make their monetary contributions to HFC.

35.    Upon information and belief, Mr. Hari and Mr. Chudasama's monetary contributions meant for HFC have been used by the Defendants, acting either individually and/or in combination, to purchase inventory, supplies, and make promotions for 27 Haute Boutique, the other Defendant, or even some other entity, and not HFC.

36.    Upon information and belief, Mr. Hari and Mr. Chudasama's monetary contributions meant for HFC have been used to benefit the Defendants, acting either individually and/or in combination, to the detriment of Mr. Hari and Mr. Chudasama.

37.    Neither Mr. Hari nor Mr. Chudasama have any ownership interest in 27 Haute Avenue Boutique or the other Defendants.

38.    Upon information and belief, the business/banking transactions of Defendant 27 Haute Avenue Boutique are carried out and operated through the bank account of Defendant Pray International. This is the same bank account into which the Defendants, acting either individually and/or in combination, asked, directed, solicited, and induced Mr. Hari and Mr. Chudasama to make their wire transfers for HFC.

39.    Upon information and belief, all or some of the amounts of Mr. Hari and Mr.

Chudasama's wire transfers into the account held by Pray International have been used for the benefit of the Defendants, acting either individually and/or in combination, and to the Plaintiffs' and HFC's detriment.

40.     HFC has never made a profit and Mr. Hari and Mr. Chudasama's wire transfers into the account of Pray International have now been completely consumed/spent by Pray International, 27 Haute Avenue Boutique, Creative American, Creative International, Poonam and/or Rajiv.

## CLAIMS

### Count I – Mail and Wire Fraud (18 U.S.C. §§ 1341, 1343)

41.     The allegations contained in paragraphs 1 through 40 are incorporated herein by reference as if fully restated herein.

42.     The communications in the fall and summer of 2016 by the Defendants, acting either individually and/or in combination, with Mr. Hari and Mr. Chudasama through the mail and over wires (*e.g.*, phone calls, cells phone calls, text message, and emails) were devised and/or were intended to be devised as a scheme to induce and deceive and did induce and deceive Mr. Hari and Mr. Chudasama to transfer their money to the bank account held by Pray International for the purpose of defrauding them of such funds. Such actions constitute Mail and Wire Fraud as prohibited by 18 U.S.C. §§ 1341, 1343.

43.     The fraudulent use of the mails and wires by the Defendants, acting either individually and/or in combination, constitute racketeering activities within the meaning of 18 U.S.C. § 1961(1).

### COUNT II – RICO (18 U.S.C. § 1962(c))

44.     The allegations contained in paragraphs 1 through 43 are incorporated herein by reference as if fully restated herein.

45.     The Defendants, acting either individually and/or in combination, are an enterprise engaged in and whose activities affect interstate commerce.

46.     The Defendants, acting either individually and/or in combination, agreed to and did conduct and participate in the conduct of the enterprise's activities through a pattern of racketeering activities and for the unlawful purpose of intentionally defrauding Mr. Hari and Mr. Chudasama. Specifically, through their mail and wire communications with Mr. Hari and Mr. Chudasama, the Defendants, acting either individually and/or in combination, devised to induce and defraud and did induce and defraud Mr. Hari and Mr. Chudasama of the money they wired through interstate commerce into the account of Pray International.

47.     Pursuant to and in furtherance of their fraudulent scheme, the Defendants, acting either individually and/or in combination, committed multiple related acts of mail and wire fraud.

48.     The mail and wire fraud used on multiple occasion by the Defendants, acting either individually and/or in combination, and which induced Mr. Hari and Mr. Chudasama to make three separate wire transfers to the account of Pray International, constitute a pattern of racketeering activity pursuant to 18 U.S.C. § 1961(5).

49.     The Defendants, acting either individually and/or in combination, have directly and indirectly conducted and participate in the conduct of the enterprise's affairs through the pattern of racketeering activity described above, in violation of 18 U.S.C. § 1962(c).

50.     As a direct and proximate result of the Defendants' racketeering activities and violations of 18 U.S.C. § 1962(c), Mr. Hari and Mr. Chudasama have been injured in their business and property in that they have been, collectively, defrauded of sums of money totaling, at least, $205,000.00.

51.     Pursuant to the relief afforded by RICO, Mr. Hari and Mr. Chudasama request that

they be granted their actual damages, treble damages, and attorneys' fees as set forth in the prayer for relief below.

52.     Upon information and belief, Mr. Hari and Mr. Chudasama have not been the only victims of the Defendants' wire fraud, racketeering, and other illegal and fraudulent schemes. For example, in another case currently pending before the Circuit Court of McCracken County, Kentucky, *Harbans v. Singh, et al.*, 18-CI-631 (McCracken Circuit Ct.) it is alleged that some or all of the Defendants named in this action defrauded the plaintiff of and/or refused to repay approximately $350,000.

## COUNT III (Common Law Fraud)

53.     The allegations contained in paragraphs 1 through 52 are incorporated herein by reference as if fully restated herein.

54.     When the Defendants, acting either individually and/or in combination, approached and solicited Mr. Hari and Mr. Chudasama about financing and participating in HFC, the Defendants, acting either individually and/or in combination, made material misrepresentations about their intent to form and develop a clothing brand and their experience, knowledge, skill, expertise, and contacts in the industry that would allow them to do so.

55.     Those material misrepresentations by the Defendants, acting either individually and/or in combination, to Mr. Hari and Mr. Chudasama were false, and the Defendants either knew such material misrepresentations were false or made such material misrepresentations recklessly.

56.     The material misrepresentations by the Defendants, acting either individually and/or in combination, were made with inducement to be acted upon by Mr. Hari and Mr. Chudasama, and Mr. Hari and Mr. Chudasama acted in reliance upon those material misrepresentations by transferring through a wire transfer their monetary funds to the account of

Pray International.

57.     Mr. Hari and Mr. Chudasama have been injured in, at the very least, the amount of their contributions as a result of the fraud perpetuated upon them by the Defendants, acting either individually and/or in combination.

## COUNT IV (Breaches of Fiduciary Duties)

58.     The allegations contained in paragraphs 1 through 57 are incorporated herein by reference as if fully restated herein.

59.     HFC is a limited liability company organized under Chapter 275 of the Kentucky Revised Statutes.

60.     The members of HFC are Poonam, Mr. Hari, and Mr. Chudasama.

61.     Rajiv is the CEO/Manager of HFC.

62.     Under KRS 275.170, the members and managers of limited liability companies owe each other duties of loyalty and care. Poonam and Rajiv owed Mr. Hari and Mr. Chudasama these duties in their operation of and involvement with HFC.

63.     Poonam and Rajiv, through their defrauding of Mr. Hari and Mr. Chudasama, by operating Pray International, Creative American, Creative International, and/or 27 Haute Avenue Boutique in direct competition with HFC, and through other acts and omissions, have breached the duties of loyalty and care owed to Mr. Hari and Mr. Chudasama.

64.     Additionally, Poonam and Rajiv owed Mr. Hari and Mr. Chudasama duties of good faith and accountability, and despite repeated attempts to contact Poonam and Rajiv and their repeated requests for an accounting of the operations of HFC, neither Poonam nor Rajiv have informed Mr. Hari nor Mr. Chudasama nor provided them the business information to which they were entitled as members of HFC.

65.     Poonam, Rajiv, and other Defendants, acting individually and/or in combination, have breached their duties of good faith and accountability owed to Mr. Hari and Mr. Chudasama.

66.     As a result of the breaches of the foregoing fiduciary duties, Mr. Hari and Mr. Chudasama have, at the very least, been injured in the amount of their contributions made through the fraudulent wire transfers to Pray International which were induced by Poonam, Rajiv, and/or the other Defendants acting individual and/or in combinations.

67.     Poonam, Rajiv, and/or the other Defendants' breaches of these fiduciary duties are the proximate cause of Mr. Hari and Mr. Chudasama's monetary losses and injuries.

## COUNT V (Unjust Enrichment)

68.     The allegations contained in paragraphs 1 through 67 are incorporated herein by reference as if fully restated herein.

69.     The actions detailed herein by the Defendants, acting either individually and/or in combination, constitute the unjust enrichment of the Defendants.

70.     The Defendants, acting either individually and/or in combination, all received a benefit in, at the very least, the amount of the monetary contributions by Mr. Hari and Mr. Chudasama, they have received an appreciation of that benefit, and they have inequitably retained that benefit without payment in the equivalent of its value to Mr. Hari and Mr. Chudasama.

## COUNT V (Conversion)

71.     The allegations contained in paragraphs 1 through 70 are incorporated herein by reference as if fully restated herein.

72.     The acts and omissions detailed herein by the Defendants, acting either individually and/or in combination, constitute conversion.

73.     At the time Mr. Hari and Mr. Chudasama made their monetary contributions to

Pray International, they believed those funds would be transferred to an HFC bank account in which they, pursuant to the "Share Purchase and Security Agreement," had or would have an ownership interest.

74.     Mr. Hari and Mr. Chudasama had legal title and right to possess their monetary contributions at the time of the wire transfers to Pray International.

75.     The Defendants, acting either individually and/or in combination, exercised dominion over Mr. Hari and Mr. Chudasama's monetary contributions in a way that deprived them of the use and enjoyment of the same.

76.     The Defendants, acting either individually and/or in combination, intended to and did interfere with Mr. Hari and Mr. Chudasama's right to possess and enjoy their monetary contributions.

77.     Mr. Hari and Mr. Chudasama have demanded return of their monetary contributions and the Defendants, acting either individually and/or in combination, have refused.

78.     The acts and omissions by the Defendants, acting either individually and/or in combination, are the legal cause of Mr. Hari and Mr. Chudasama's loss of their monetary contributions.

79.     Mr. Hari and Mr. Chudasama have suffered damage, in the very least, in the amount of their wire transfers and monetary contributions to the account of Pray International.

## **COUNT V (Breach of Contract)**

80.     The allegations contained in paragraphs 1 through 79 are incorporated herein by reference as if fully restated herein.

81.     The "Share Purchase and Security Agreement" entered into by Poonam, Rajiv, Mr. Hari and Mr. Chudasama constitutes a binding contract between them requiring Poonam and Rajiv

to perform certain duties and obligations.

82.    Poonam and Rajiv have not performed or complied with or completed any of the duties and obligations contemplated and required of them under the Agreement.

83.    Therefore, the acts and omissions of Poonam and Rajiv constitute a breach of the Agreement.

84.    As a result of the breach of the Agreement by Poonam and Rajiv, Mr. Hari and Mr. Chudasama have been damaged, in the very least, in the amount of monetary contributions made via wire transfers to the account of Pray International.

## COUNT VI (Equitable Relief – Pierce the Corporate Veil)

85.    The allegations contained in paragraphs 1 through 84 are incorporated herein by reference as if fully restated herein.

86.    The foregoing acts and omissions made it clear that Poonam, Rajiv, and the other Defendants have treated and operated Pray International and 27 Haute Avenue Boutique as their "alter egos" and failed to observe any of the corporate formalities attendant thereto.

87.    Pray International and 27 Haute Avenue Boutique are merely instrumentalities of Poonam, Rajiv, and the other Defendants.

88.    Poonam, Rajiv, and the other Defendants have exercised control over and operated Pray International and 27 Haute Avenue Boutique in such ways as to defraud and otherwise harm Mr. Hari and Mr. Chudasama.

89.    Failing to disregard the corporate "separateness" and liability protections afforded to Poonam, Rajiv, and the other Defendants by Pray International and 27 Haute Avenue Boutique would subject Mr. Hari and Mr. Chudasama to unjust losses in, at the very least, the amount of their monetary contributions made via their wire transfers to the account of Pray International.

90.     Therefore, the Court should pierce the corporate veil of Pray International, 27 Haute Avenue Boutique, and the other Defendants and permit Mr. Hari and Mr. Chudasama to remedy their injuries from Poonam and Rajiv's personal assets and/or those assets of the other Defendants.

## PRAY FOR RELIEF

WHEREFORE, and for all of the reasons set forth herein, Plaintiffs Shantilal Hari and Asokkumar Chudasama request that the Court enter judgement against Defendant Poonam Singh, Rajiv Singh, Pray International L.L.C., Creative Eye American Apparel, Inc., Creative Eye International, LLC, and 27 Haute Avenue Boutique as follows: that Plaintiffs be awarded an amount commensurate with their compensatory damages, that they receive treble damages and payment of their attorneys' fees in accordance with and as is permitted by their RICO claim, that the corporate veils of Pray International, 27 Haute Avenue Boutique, and the other Defendants be pierced, and Plaintiffs' damages be satisfied from the personal assets of Poonam, Rajiv, and the other Defendants, that they be permitted to have a trial by jury, that they be permitted to received both pre- and post-judgment interests, and that they receive whatever other relief, whether legal or equitable, they are entitled to receive.

This the 8th day of February, 2019.

Respectfully submitted,

BRADLEY, FREED & GRUMLEY, P.S.C.

By: _David T. Riley_____

David T. Riley
1634 Broadway
P.O. Box 1655
Paducah, Kentucky 42001
(270) 443-0040
driley@kentuckylawyers.com
**_Counsel for Shantilal Hari and_**
**_Asokkumar Chudasama_**